IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00390-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC JAMES ALEXANDER (6) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit for additional proceedings, (Doc. No. 548: Order), and the parties' responsive pleadings, (Doc. Nos. 553, 559, 561, 563).[1] The parties agree to a sentence reduction under the First Step Act to the time served and five years' supervised release. (Doc. No. 563 at 3).

The defendant pled guilty to conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (Count One), admitting that more than 50, but fewer than 150, grams of cocaine base and more than 50, but fewer than 150, kilograms of cocaine were reasonably foreseeable to him. (Doc. No. 150: Plea Agreement at 2). Combined with his prior drug trafficking conviction, (Doc. No. 34: 21 U.S.C. § 851 Notice; Doc. No. 218: Modification of § 851 Notice), the statutory range of punishment was 240 months to life imprisonment. (Doc. No. 511: Presentence Report Supplement at 1). At the sentencing hearing, the

---

[1] The motion at issue on remand, (Doc. No. 543), was filed pro se. Defense counsel entered appearances and filed additional motions under the First Step Act, (Doc. Nos. 559, 563), which the Court will consider as responses to its Order, (Doc. No. 549), for briefing on remand.

Court found the defendant to be a career offender and sentenced him to 240 months on Count One, below the advisory range. (Doc. No. 226: Judgment at 2).

Under the First Step Act, the Court has discretion to impose a reduced sentence on a "covered offense" as if the Fair Sentencing Act of 2010 had been in place at the time of that offense was committed. First Step Act of 2018, Pub. L. 115-135, § 404 (2018). A covered offense is one committed before August 3, 2010, for which the statutory penalties were modified by Section 2 or 3 of the Fair Sentencing Act or 2010. Id. at 404(a). "Section 2 of the Fair Sentencing Act, in turn, reduced the sentences for trafficking in crack cocaine by raising the threshold quantity of crack for a 10-year mandatory minimum sentence from 50 grams to 280 grams and the threshold quantity for a 5-year mandatory minimum sentence from 5 grams to 28 grams." United States v. Lancaster, 997 F.3d 171, 174 (4th Cir. 2021) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372; 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii). Here, the defendant's 2001-2005 multi-object conspiracy is a covered offense based on his guilty plea involving at least 50 grams of crack and 5 kilograms of cocaine. United States v. Gravatt, 953 F.3d 258, 263-64 (4th Cir. 2020).

In exercising its discretion to reduce a sentence on a covered offense, a district court must: (1) accurately recalculate the Guidelines sentence range; (2) correct original Guidelines errors and apply intervening case law made retroactive to the original sentence; and (3) consider the 18 U.S.C. § 3553(a) factors to determine what sentence is appropriate. United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021). The defendant notes that his 21 U.S.C. § 846 conspiracy

2

conviction no longer triggers the career offender enhancement in light of Lancaster, 997 F.3d at 176, and his prior drug conviction no longer triggers the 21 U.S.C. § 851 enhancement in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Doc. No. 563 at 1-2). The resulting Guidelines calculations would be offense level 31, criminal history category VI, a sentence range of 188 to 235 months, and a five-year term of supervised release. (Doc. No. 562: Revised Supplement to Presentence Report at 3). The defendant has served approximately 199 months. (Id.). The government consents to a reduced sentence of the time served. (Doc. No. 563 at 3).

In exercising its discretion under the First Step Act, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct, and the public's safety. Based on these factors in the circumstances of this case, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that:

1. the defendant's motion, (Doc. No. 543), is **GRANTED**, and the defendant's sentence is reduced to the time served, plus up to ten days for the Bureau of Prisons to process his release, followed by 5 years' supervised release;

2. if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office (USPO), he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the USPO, as a condition of supervised release. All other conditions remain unchanged;

3. the defendant's motion to seal, (Doc. No. 560), his supplemental pleading, (Doc. No. 559), is **GRANTED**, pending further order of the Court; and

4. counsels' motions to reduce sentence, (Doc. No. 559, 563), are terminated as **MOOT**.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Probation Office, the United States Marshals Service, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

Signed: September 2, 2021

Robert J. Conrad, Jr.
United States District Judge